# EXHIBIT 6

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

SAMSUNG ELECTRONICS CORPORATION, LTD., AND
SAMSUNG ELECTRONICS AMERICA, INC.,
Petitioners

v.

IMAGE PROCESSING TECHNOLOGIES, LLC,
Patent Owner

CASE IPR2017-00336
Patent No. 6,959,293

**PATENT OWNER IMAGE PROCESSING TECHNOLOGIES, LLC'S PRELIMINARY RESPONSE PURSUANT TO 37 C.F.R. § 42.107**

’293 patent) would be someone with an undergraduate degree in electrical engineering or image processing or a related field, followed by at least two years of graduate coursework and also at least early-stage thesis research, in digital image processing. The requisite knowledge and experience would have been acquired, for example, by someone who had completed all coursework in a two year master’s program focused on digital image processing, along with at least some thesis research qualifying towards a degree in such a program.

### B. Claim Construction

Patent Owner proposes the construction of certain claim language below pursuant to the broadest reasonable interpretation (BRI) for the sole purpose of this *inter partes* review proceeding. The scope of unexpired patent claims is determined giving claims their broadest reasonable construction consistent with the specification; the words of a claim are given their plain meaning unless the plain meaning is inconsistent with the patent specification as understood by a POSA at the time of the invention. *See In re Cuozzo Speed Tech., LLC*, 793 F.3d 1268 (Fed. Cir. 2015). Patent Owner’s proposed constructions for the three terms below, found in Claims 1 and 18, are the broadest reasonable interpretations of these terms in light of the claim language, consistent with the patent specification as would be understood by a POSA at the time of the invention.

### 1. **“the histogram calculation units being configured to form a histogram representative of the parameter” (Claim 1)**

Patent Owner proposes that the claim language “the histogram calculation units being configured to form a histogram representative of the parameter” should be construed as “the at least two histogram calculation units being configured to each form a histogram representative of at least one common parameter.”[3] In other words, at least one parameter must be treated in common by at least two histograms. Concomitantly, not every parameter must be treated by two histogram calculation units, but at least one must be.

Based on a natural reading of the claim language, Patent Owner’s proposed construction is the broadest reasonable interpretation consistent with the specification as it would be understood by a POSA at the time of the invention. The claim reads:

> A visual perception processor for automatically detecting an event occurring in a multidimensional space (i, j) evolving over time **with respect to at least one digitized parameter** in the form of a digital signal on a data bus . . . the visual perception processor comprising . . . at least two histogram calculation units **for the treatment of the**

[3] Because the claim construction standard in this proceeding differs from the standard applicable to a district court litigation, *see In re Am. Acad. of Sci. Tech. Ctr.*, 367 F.3d 1359, 1364, 1369 (Fed. Cir. 2004), Patent Owner expressly reserves the right to argue in litigation a different construction for any term recited by the claims of the ’293 patent.

> **at least one parameter**, the histogram calculation units being configured to form a histogram representative of **the parameter** as a function of a validation signal and to determine by classification a binary classification signal resulting from a comparison of **the parameter** and a selection criterion C . . . ."

The claim language requires that there must be at least one common parameter that is treated by at least two histogram calculation units. The term "the parameter" refers to the preamble recital of "at least one digitized parameter in the form of a digital signal on a data bus." Ex. 1001 at 26:36–37. Claim 1 also requires "at least two histogram units" for the treatment of "the at least one parameter." Ex. 1001 at 26:47–48. The claim requires that the plural histogram calculation units must each form a histogram representative of the singular parameter. Claim 1 states "the histogram calculation units being configured to form a histogram representative of the parameter as a function of a validation signal and to determine by classification." Ex. 1001 at 26:49–51. The plural "histogram calculation units" must therefore each form a histogram representative of the singular "parameter."

Patent Owner's proposed construction is consistent with Petitioner's argument for Ground 1. Petitioner argues in Ground 1 that "it would have been obvious to modify Tomitaka such that the two histogram units processed the same parameter." Petition at 36 (emphasis added). Petitioner also claims in Ground 1

that "Pirim discloses that in some configurations, a single parameter, such as x-position of a pixel, may be processed by multiple histogram units simultaneously." Petition at 35.

The specification of the '293 patent also supports Patent Owner's construction whereby two histogram units treat a common parameter. The '293 patent teaches the use of multiple histogram calculation units in certain embodiments with programmable input. *See, e.g.*, Ex. 1001 at Fig. 32; Ex. 1001 at 5:66–67 ("FIG. 32 represents a set of histogram calculation units with programmable input control in their context of usage . . . ."). Figure 32 teaches an exemplary device comprising sixteen "polyvalent histogram calculation units," which are the sixteen squared labelled "1a00" through "1a33," each of which has access via bus 510 (yellow) to parameters including luminance (L), tone (T), saturation (S), speed (V), and direction (D):




FIG. 32

Ex. 1001 at 20:43-47 (describing L, T, S); 21:33-47 (describing embodiment of Figure 32). A polyvalent histogram calculation unit is capable of processing various parameters, not only a single fixed parameter. *Id.* at 1001, 21:18-36. The ’293 patent teaches that more than one polyvalent histogram unit may be tasked to process one parameter. The patent teaches that “control unit 513 provides overall control and determines which of the parameters . . . are to be processed at a given time by one or several dedicated polyvalent histogram unit(s).” Ex. 1001 at 21:42–47.

Therefore, based on the requirements of the language of Claim 1 in the context of the specification, the claim language "the histogram calculation units being configured to form a histogram representative of the parameter" should be construed as "the at least two histogram calculation units being configured to each form a histogram representative of at least one common parameter."

**2. "a classification unit . . . configured to determine the data in the histogram that satisfy a selected criterion" (Claim 18)**

Patent Owner proposes that the language of claim 18 "a classification unit . . . configured to determine the data in the histogram that satisfy a selected criterion" should be construed to mean "a classification unit . . . configured to determine the data to be included in the histogram based on satisfying a selected criterion." Patent Owner's proposed construction follows naturally from the language of the claim, in the context of the teachings in the patent specification about what a "classifier" does.

Claim 18 recites a device that includes a histogram unit, a classification unit, a coincidence unit, a controller bus, and a transfer bus. Ex. 1001 at 29:20–45. A POSA would have understood the claim in the context of the specification, including the description of the passive histogram calculation unit 1 that is shown in Figure 3, shown below:

Dated: March 15, 2017

*/s/Chris J. Coulson/*
Chris J. Coulson (Reg. No. 61,771)
Lead Counsel for Patent Owner
ANDREWS KURTH KENYON LLP
One Broadway
New York, NY 10004-1007
Tel.: (212) 425-7200
Fax: (212) 425-5288
chriscoulson@andrewskurthkenyon.com

Michael Zachary (pro hac vice)
michaelzachary@andrewskurthkenyon.com
Mark Chapman (pro hac vice)
MarkChapman@andrewskurthkenyon.com
Rose Prey (pro hac vice)
RosePrey@andrewskurthkenyon.com

**CERTIFICATE OF WORD COUNT**

The foregoing Patent Owner's Response complies with the type-volume limitations of 37 C.F.R. § 42.24(b)(2). Excluding the items listed in 37 C.F.R. § 42.24(a)(1) as not included in the word count, and using the word count of the word-processing system used to prepare the paper (Microsoft Word), the Patent Owner's Preliminary Response contains 13,765 words.

*/s/ Chris J. Coulson*

Chris J. Coulson
ANDREWS KURTH KENYON LLP
One Broadway
New York, NY 10004-1007
Tel.: (212) 425-7200
Fax: (212) 425-5288

## CERTIFICATE OF SERVICE

Pursuant to 37 C.F.R. § 42.6(e), the undersigned certifies that on March 15, 2017, the foregoing *Patent Owner's Preliminary Response* was served via electronic mail upon the following counsel of record for the Petitioner:

John Kappos (Reg. No. 37,861)
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
jkappos@omm.com

Nicholas J. Whilt (Reg. No. 72,081)
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
nwhilt@omm.com

Brian M. Cook (Reg. No. 59,356)
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
bcook@omm.com

IPTSAMSUNGOMM@OMM.COM

*/s/Chris J. Coulson*
Chris J. Coulson
ANDREWS KURTH KENYON LLP
One Broadway
New York, NY 10004-1007
Tel.: (212) 425-7200
Fax: (212) 425-5288